**JOHN S., a minor, by and through his Guardian Ad Litem, Mary S., his mother, individually and as class representatives, and all others similarly situated, Plaintiff–Appellant,**

v.

**COUNTY OF ORANGE; Stephanie Lewis; Colleene Preciado, Defendants–Appellees.**

No. 05–55021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed Feb. 26, 2007.

Richard P. Herman, Esq., Santa Ana, CA, for Plaintiff–Appellant.

Benjamin P. De Mayo, Esq., Orange County Counsel's Office, Hall of Administration, Santa Ana, CA, Norman J. Watkins, Esq., Lynberg and Watkins A Professional Corporation, Orange, CA, for Defendants–Appellees.

Before: CANBY and THOMAS, Circuit Judges, and CONLON,[*] District Judge.

### MEMORANDUM [**]

Len S. appeals summary judgment on his claims under the Rehabilitation Act, the Americans with Disabilities Act, 42 U.S.C. §§ 1982 and 1983, and related state law claims. He also appeals the denial of his Rule 59(e) motion to set aside the judgment.

The district court's grant of summary judgment is reviewed *de novo. Long v. County of Los Angeles,* 442 F.3d 1178, 1184 (9th Cir.2006). Viewing the evidence in the light most favorable to Len S., summary judgment was appropriate if there were no genuine issues of material fact and the district court correctly applied the relevant substantive law. *Suzuki Motor Corp. v. Consumers Union, Inc.,* 330 F.3d 1110, 1131–32 (9th Cir.2003). The district court's decision to grant a Rule 59(e) motion is reviewed for abuse of discretion. *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir.2001).

■ Len S. filed an inadequate opposition to defendants' summary judgment motion. His untimely, unsworn, and conclusory "supplemental statement" did not comply with the district court's explicit instructions or the local rules. C.D. Cal. L.R. 56–2. It was not error for the district court to deem the material facts submitted by defendants as admitted and to grant summary judgment on procedural grounds. C.D. Cal. L.R. 56–3.

■ Nor was granting summary judgment on the merits error. Len S. failed to raise a material fact that his conduct and depressive disorders were disabilities under the ADA or the Rehabilitation Act. 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(i), (j); *Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir.2001). He did not submit evidence that his medical treatment constituted an intentional deprivation of his constitutional rights. 42 U.S.C. § 1983; *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Without admissible supporting evidence, he merely concluded that he should

[*] The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have received treatment at another facility. There was no disputed issue of material fact that Len S. was disabled or that defendants were deliberately indifferent to his medical needs. He also failed to raise a material dispute regarding his state law claims.

Because the record established there was no genuine issue of material fact and that summary judgment was warranted as a matter of law, the district court did not abuse its discretion in denying the Rule 59(e) motion.

**AFFIRMED.**